UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05CV-226-R

'07 AUG -3 P5:33

FILED

ZIAD THALJI V. TECO BARGE LINE

# JURY INSTRUCTIONS

## INSTRUCTION NO. 1

Members of the jury, now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 2

Your answer to any question must be unanimous.  That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

INSTRUCTION NO. 3

Some of you have taken notes during the trial.  An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence.  Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance.  Jurors should not be influenced by another juror's notes.

INSTRUCTION NO. 4
Preponderance of the Evidence

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in the case, the jury should find for Defendant as to that claim.

As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on Defendant as I will explain.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO. 5
Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 6
Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.   An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.   If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

INSTRUCTION NO. 7
Plaintiff's Claims

The Plaintiff, Ziad Thalji, is asserting two separate claims against Defendant TECO Barge Line.

Plaintiff's first claim, under a federal law known as the Jones Act, is that his employer, TECO, was negligent, and that TECO's negligence was a cause of his injuries. Plaintiff's second claim is that an unseaworthy condition aboard TECO's vessel, the M/V Sue Kassow, caused his injury. Defendant denies each of these claims.

You must consider each of these claims separately. Plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

8

INSTRUCTION NO. 8
Plaintiff's Claim - Negligence

Plaintiff claims damages for personal injuries which he claims were caused by the negligence of his employer, Defendant, and occurred during the course of his employment.

This claim is brought under a special Act of Congress, known as the Jones Act, which permits recovery of damages for injury suffered by a member of a crew of a vessel, under conditions specified in these instructions.

The Jones Act does not make the employer the accident insurer of the seaman, however, negligence on the part of the employer is the prerequisite to recovery under the Act. Specifically, Plaintiff alleges that Defendant was negligent; Defendant denies it was negligent.

INSTRUCTION NO. 9
Negligence Defined

"Negligence" is the failure to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like circumstances.  Negligence may consist either in <u>doing</u> something that a reasonably careful person would <u>not</u> do under like circumstances, or in <u>failing</u> to do something that a reasonably careful person <u>would</u> do under like circumstances.

### INSTRUCTION NO. 10
Jones Act Negligence

Under the Jones Act, Plaintiff must prove that his employer, Defendant TECO, was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Employers have a duty to provide their employees with a reasonably safe place to work. In addition, the employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his employment. This does not mean, however, that an employer is the guarantor or insurer of the safety of the individuals in its employ.

Before Plaintiff can establish that Defendant is liable for damages, he has the burden of proving, by a preponderance of the evidence, both of the following elements:

(1)     That Defendant was negligent as claimed; and

(2)     That the negligence of Defendant was a cause of Plaintiff's injury.

If you find Plaintiff has proved the elements on which he has the burden of proof, your verdict should be for him. If, on the other hand, Plaintiff has failed to prove any one of these elements, your verdict should be for Defendant.

11

INSTRUCTION NO. 11

For the purpose of Plaintiff's Jones Act claim, negligence is a cause of damage if it played any part, no matter how small, in bringing about the actual damage.  So, if you find from the evidence in the case that any negligence of Defendant contributed in any way toward any damages or injury suffered by Plaintiff, you may find that such injury or damage was caused by Defendant's act or omission.  Negligence may be a cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the Defendant's negligence played any part, no matter how small, in causing such damage.

INSTRUCTION NO. 12

This does not mean that the law recognizes only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors and things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a cause for the purpose of determining liability in a case such as this one.

INSTRUCTION NO. 13
Plaintiff's Claim - Unseaworthiness

The Plaintiff also claims that he suffered injury while a member of a crew of the vessel because of the unseaworthiness of the vessel, and that he is entitled to damages as a result.

Under maritime law, every shipowner or operator owes to every member of the crew employed aboard the vessel the duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, and equipment of the vessel, in a seaworthy condition at all times. The owner may not delegate the duty to someone else.

To be in a seaworthy condition means to be in a condition reasonably suitable and fit to be used, for the purpose or use for which provided or intended. An unseaworthy condition may result from unfit equipment.

Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. That is to say, the shipowner or operator is liable for all injuries and consequent damage proximately caused by an unseaworthy condition existing at any time, even though the owner or operator may have exercised due care under the circumstances, and may have had no notice or knowledge of the unseaworthy condition which proximately caused the injury or damage.

However, a shipowner is not required to furnish an accident-free vessel. A vessel is not required to have the best equipment, but only equipment which is reasonably fit for its intended purpose.

14

INSTRUCTION NO. 14
Cause - Unseaworthiness

An unseaworthy condition caused or contributed to cause Plaintiff's injury only if the unseaworthy condition directly and in natural and continuous sequence produces, or contributed substantially to producing such damage, so it can reasonably be said that, except for the unseaworthy condition, loss, injury, or damage would not have occurred.  Unseaworthiness may be a proximate cause of damage even though it operates in combination with the act of another, some natural cause or some other cause if such other cause occurs at the same time as the unseaworthiness and if the unseaworthiness contributes substantially to producing the damage.

Unlike the Jones Act claim, with respect to which Plaintiff can recover if the alleged negligence is proved to be a slight cause of the injury sustained, in order to recover on a claim of unseaworthiness it must be proved that the unseaworthy condition was a substantial cause of the injury complained of.

15

INSTRUCTION NO. 15

Plaintiff is not required to prove that the entire vessel was unseaworthy, that is, she would sink if she attempted to float; all that he must prove is that the equipment involved was not reasonably fit for its intended purpose, and that he was injured as a result.

INSTRUCTION NO. 16

If you find any unfitness of the vessel's equipment, it does not matter, as far as Defendant's liability is concerned, how long or how short a time the condition of unfitness may have existed prior to the accident; nor does it matter that Defendant did not know of its existence before the injury occurred.  The length of time and Defendant's knowledge, or lack of knowledge, are not pertinent here, if the elements of Plaintiff's claims are established.

INSTRUCTION NO. 17
Contributory Negligence

In addition to denying liability, Defendant contends that Plaintiff was negligent, and that Plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Defendant has the burden of proving that Plaintiff was contributorily negligent. If Plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced to the extent of his contributory negligence.

Plaintiff was obligated to act with ordinary prudence under the circumstances. The circumstances of his employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training, and education. In other words, Plaintiff had the duty to exercise that degree of care for his own safety that a reasonable man would exercise in like circumstances.

If you find that TECO was negligent and/or that the M/V Sue Kassow was unseaworthy, but you also find that the accident was due partly to the contributory negligence of Plaintiff, then you must determine the percentage Plaintiff's contributory negligence contributed to the accident. Do not make any reduction in the amount of damages that you award to Plaintiff. I will reduce the damages that you award by the percentage of contributory negligence that you assign to Plaintiff.

The burden of proof is on Defendant to prove contributory negligence.

18

INSTRUCTION NO. 18

It is the duty of any person who has been injured to use reasonable diligence and reasonable means, under the circumstances, to prevent the aggravation of such injury, to act in a way that brings about a recovery from such injury, and to take advantage of any reasonable opportunity he may have to reduce or minimize loss or damage.  He is required to seek out or take advantage of a business or employment opportunity that was reasonably available to him under all the circumstances shown by the evidence.  You should reduce the amount of Plaintiff's damages by the amount he could have reasonably realized if he had taken advantage of such business or employment opportunity, but did not do so.

The burden of proof is on Defendant to prove that Plaintiff failed to mitigate his damages.

19

INSTRUCTION NO. 19

Should you determine Plaintiff suffered from a pre-existing physical condition that existed

prior to the incident, then you may award damages only for any aggravation of that condition and

not the pre-existing injury itself.

INSTRUCTION NO. 20

The burden of proof is on Defendant to prove the extent of damage that any pre-existing condition would inevitably have caused.  If you cannot separate the pain or disability caused by a pre-existing condition from that caused by the occurrence of October 23, 2005, then Defendant is liable for all of Plaintiff's injuries.

INSTRUCTION NO. 21

The claims of negligence and unseaworthiness are separate claims, and you must consider them separately in accordance with these instructions. You may find for Plaintiff on both counts, or for him on one and not the other, or for Defendant on both counts, all depending on how you find the facts.

If you find for Plaintiff on any claim it will then be your duty to determine damages in accordance with these instructions. Even if you find for Plaintiff on all claims, however, he is entitled to but one recovery.

If you find for Defendant on all claims, then you will not consider the question of damages.

## INSTRUCTION NO. 22

If you find that Defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of Plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages – what the law calls compensatory damages – restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make Plaintiff whole, or to restore him to the position that he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that Plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including the impairment in the normal progress in Plaintiff's earning capacity due to his physical condition; past medical expenses.

Some of these damages, such as mental or physical pain and suffering, are tangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate Plaintiff for his injuries.

Any award you make to Plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that Plaintiff is entitled to receive without considering the effect of taxes upon it.

23

INSTRUCTION NO. 23
Present Worth of Future Loss

If you should find that Plaintiff is entitled to a verdict, and further find that the evidence in the case establishes a reasonable likelihood of loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damage, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that Plaintiff will in effect be reimbursed in advance of the loss and so will have the use of money he would not have received until some future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires you to discount, or to reduce to its present worth, the amount of the anticipated future loss, by taking (1) the interest rate or return on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained. Then reduce, or in effect, deduct from, the total amount of anticipated future loss whatever the amount that would be reasonably certain to be earned or returned if the lump-sum were invested at such rate of interest over such future period of time. Include in the verdict an award only for the present-worth - the reduced amount - of anticipated future loss.

INSTRUCTION NO. 24

In considering the amount of any damages which you might award in the future for an existing injury, it is appropriate for you to take into account the reduced value of today's dollar. You may consider that what in the past might have been excessive is not on the same facts necessarily exorbitant today and might not meet the cost of living in the future.

Your verdict may take into account the fact that changes take place in the purchasing power of money and in the cost of living. These changes may be reflected in the amount of any award you might make. These matters of economic development and consequences are so much a matter of common knowledge that you are entitled to consider them.

The purpose of the award for future loss damages is not to protect Plaintiff from future inflation. The goal is simply to replace for future wages actually lost.

INSTRUCTION NO. 25
Life Expectancy - Table of Mortality

The standard table of mortality which the court has received in evidence in this case may be considered by you in determining how long the claimant may live.  According to the table of mortality, the life expectancy in this country of a male person thirty-seven (37) years of age is thirty-eight point seven (38.7) years.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a give age and sex, and that estimate is based upon a limited record of experience. so, the inference which may reasonably be drawn from life expectancy, as shown by the table, applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of Plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence in the case bearing upon the life expectancy of Plaintiff, including his occupation, habits, past health record, and present state of health.

When considering life expectancy, in determining any reasonably certain future damage, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.

Those elements of damage that are related to future income should be measured only by Plaintiff's remaining work life expectancy, not his entire life expectancy.

26

INSTRUCTION NO. 26

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in Court.  You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

INSTRUCTION NO. 27

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

28

VERDICT FORM

1.  Do you find form a preponderance of the evidence that Defendant was negligent in one or more of the ways claimed by Plaintiff and that such negligence caused, in whole or in part, damage to Plaintiff?

YES_____          NO_____✓_____

2.  Do you find from a preponderance of the evidence that the vessel M/V Sue Kassow was unseaworthy in one or more of the ways claimed by Plaintiff and that such unseaworthiness was a substantial cause of damage to the Plaintiff?

YES_____          NO_____✓_____

3.  Do you find that Plaintiff himself was negligent and that such negligence caused, in whole or in part, his own injuries or damages?

YES_____          NO_____✓_____

4. What percentage of fault for Plaintiff's damages arising from his injuries is attributable to negligence of Defendant?  (0-100%)

N/A

ANSWER _____ %

5. What percentage of fault for Plaintiff's damages arising from his injuries is attributable to Plaintiff's own contributory negligence?  (0-100%)

N/A

ANSWER _____ %

(THE PERCENTAGES ENTERED IN YOUR ANSWERS TO QUESTIONS 4 AND 5 MUST TOTAL 100%)

6. If you answered "yes" to any of the first two Questions, without regard to fault, what sum of money do you find from a preponderance of the evidence to be the total amount of Plaintiff's damages?

A. Medical Expenses incurred to date:

ANSWER IN DOLLARS $_____N/A_____

B. Lost Wages to date:

ANSWER IN DOLLARS $_____N/A_____

C. Impairment of his ability to earn money in the future:

ANSWER IN DOLLARS $_____N/A_____

D. Pain and suffering he has endured to date and pain and suffering he is reasonably certain to endure in the future:

ANSWER IN DOLLARS $_____N/A_____


_____R. Brian Fly_____
      R. BRIAN FLYNN

**FOREPERSON**

_____8/3/07_____

**DATE**

31