UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:05CV-226-R

ZIAD THALJI                                                                    PLAINTIFF

v.

TECO BARGE LINE

                                                                                DEFENDANT

**OPINION AND ORDER**

The Defendant, TECO Barge Line ("TECO"), filed a Bill of Costs in this matter (Docket

#91).  The Plaintiff, Ziad Thalji ("Thalji"), filed an Objection to the Bill of Costs (Docket # 92).

The matter is now ripe for adjudication.  The Court now **OVERRULES** the Plaintiff's Objection

**in part** and **SUSTAINS** the Plaintiff's Objection **in part**.  The Court adopts the Bill of Costs set

forth by the Defendants in part and amends the Bill of Costs in part.

FED. R. CIV. P. 54(d) sets forth the general rule that costs are to be allowed as of course

to the prevailing party.  Congress has specifically provided for the taxing of certain costs in 28

USC § 1920.  It reads:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily
obtained for use in the case;

(3) Fees and disbursements for printing and witnesses

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries,
fees, expenses, and costs of special interpretation services under section 1828 of this title.

> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 USC § 1920 (2007).  In accordance with § 1920 TECO submitted its Bill of Costs to the

Court, claiming expenses totaling $11,924.45.  Thalji makes nine specific objections to the Bill

of Costs under subsections (2) and (4) of § 1920 and the category "other costs" and totaling

$8,640.08.  The Court will consider each objection in turn.

**1.  Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case**

Thalji objects to the $2,646.60 TECO seeks under the category "fees of the court reporter

for all or any part of the transcript necessarily obtained for use in the case."  In its Exhibit 1 to

the Bill of Costs, TECO lists ten items under this category.  Thalji objects to three of the ten

items in their entirety: (1) Bienenstock transfer of Rommelman to DVD ($80.25); (2) Nashville

Media Services-Berkman Video and Sync ($331.25); and (3) LSS Synching Hogancamp

Deposition ($150.00).  Thalji claims these are charges for transferring video depositions to DVD

or synchronizing the stenographic transcripts to video depositions, and therefore are not properly

taxed as costs under § 1920.

However, in the Sixth Circuit, videotape depositions are taxable as costs under § 1920(2).

*BDT Prods. v. Lexmark Int'l, Inc*., 405 F.3d 415, 420 (6th Cir. 2005) (adopting the reasoning of

*Tilton v. Capital Cities/ABC*, 115 F.3d 1471 (10th Cir. 1997)); *Micrel, Inc. v. TRW, Inc*., 2005

U.S. Dist. LEXIS 34929 at *33 (D. Ohio 2005).  In *Tilton*, the Court recognized that "section

1920(2) does not explicitly provide for the taxation of costs associated with video depositions,"

but "Federal Rule of Civil Procedure 30(b)(2)-(3), however, authorizes videotape depositions as

an alternative to traditional stenographic depositions.  Interpreting section 1920(2) in

conjunction with Rule 30(b)(2)-(3), we hold section 1920(2) implicitly permits taxation of the costs of video depositions." *Tilton*, 115 F.3d at 1477.

### A.  Bienenstock transfer of Rommelman to DVD ($80.25)

Thalji objects to a $80.25 charge from Bienenstock Court Reporting & Video for "transfer of Rommelman to DVD."  Bienenstock is a court reporting and video service retained by TECO to videotape Dr. Rommelman's deposition.  The invoice for this charge shows that it is in two parts: $60.25 for the transfer of the VHS tape of the deposition to DVD and $20.25 for the DVD to be shipped to TECO's counsel by Next Day Air.  The Bienenstock invoices included by TECO in its Exhibit 1 to the Bill of Costs do not indicate whether Bienenstock charged TECO for the VHS tape itself, or whether the DVD charge is the only charge associated with the videotape deposition.  It seems likely that had TECO been charged for the VHS, it would have included that expense in its Bill of Costs.  This DVD appears to be a "videotape deposition," the costs of which are taxable in the Sixth Circuit.  *BDT Products*, 405 F.3d at 420.  For these reasons, the Court finds that the cost of transferring the VHS of the deposition to DVD is taxable.

However, the cost of sending the DVD to TECO's counsel by next day air, $20.25, is not taxable.  Postage is not a taxable cost because it is an "administrative expense" that "represents the cost of doing business" and is an expense "generally incurred for a party's convenience." *EEOC v. Northwest Airlines, Inc.*, 2002 U.S. Dist. LEXIS 26272 (D. Tenn. 2002); *see Hadix v. Johnson*, 322 F.3d 895, 899-900 (6th Cir. 2003) (denying an inmate plaintiff's claim for costs including lost wages, copying costs, word processors and repairs, supplies, storage lockers, and postage as not costs within the meaning of § 1920); *see also Trustees of the Detroit Carpenters*

*Fringe Benefit Funds v. Lempert Constr.*, 1995 U.S. Dist. LEXIS 15072 at *5 (D. Mich. 1995).

Therefore, the Court will remove $20.25 from the Bill of Costs.

### B.  Nashville Media Services-Berkman Video and Sync ($331.25)

Thalji objects to a $331.25 charge from Nashville's Media Services for "Berkman Video and Sync." As discussed above, videotape depositions are taxable as costs in the Sixth Circuit. *BDT Products*, 405 F.3d at 420.  The invoice from Nashville's Media Services, supplied by TECO in Exhibit 1 to the Bill of Costs, breaks down the $331.25 charge into charges for the hours of the actual video deposition of Richard Berkman, M.D., editing time and synching, a CD-R copy, and postage. In the Sixth Circuit, "costs beyond transcription are taxable." *BDT Products*, 405 F.3d at 419. In *BDT Products,* the Sixth Circuit affirmed the decision of the United States District Court for the Eastern District of Kentucky to tax charges "beyond just the transcripts of the video depositions, including charges for video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts." *Id.* This court has not been faced with this issue, but adopts the position in *BDT Products*. As the court stated in *BDT Products*, the party objecting to a charge of costs bears the  burden of persuading the Court that the taxation is improper. Thalji has not persuaded this Court that the $331.25 charge is improper, especially in light of the court's decision in *BDT Products*. Therefore, the Court finds that the costs associated with the video deposition of Dr. Berkman are proper, except for the $25.00 charge for "Shipping and handling, sent UPS Red Overnight." This is not a taxable expense, as discussed above. Therefore, the Court will remove $25.00 from the Bill of Costs.

### C.  LSS Syncing Hogancamp Deposition

4

Thalji objects to a $150.00 charge from Litigation Support Services (LSS), Inc.  In the summary of costs presented in Exhibit 1 to its Bill of Costs, TECO lists a $150.000 charge for "LSS Syncing Hogancamp Deposition," to which Thalji objects.  However, the included invoice for that charge states that this charge is for a "Depoview disk: William Hogancamp."  Thalji also objects to this charge, but it appears that Thalji's two objections are actually for the same charge, listed under a different name in two locations, resulting in a total objection of $300.00.  TECO, however, only expended $150.000.   TECO listed this $150.00 charge as "LSS Syncing Hogancamp Deposition" in its summary of costs.  Therefore, the Court will assume that this is a charge for the synchronization of a video deposition, which is taxable as a cost in the Sixth Circuit.  *BDT Products*, 405 F.3d at 420.  The Court will ignore the Plaintiff's objection to the $150.00 charge for a "Depoview disk" and will remove $150.00 from the Plaintiff's Objections. The Court finds that the $150.00 for "LSS Syncing Hogancamp Deposition" is taxable as a cost.

### D.  Copy of the Transcript of Thalji's Deposition, Copy of Transcript of Hogancamp Deposition

Thalji objects to a $182.40 charge for a "copy of the transcript" of Thalji's deposition and a $120.00 charge for a copy of the transcript of Dr. Hogancamp's deposition.  The prevailing view is that Courts should grant the cost of deposition copies to prevailing parties where the copies were *necessary* to the preparation of the case, not merely a convenience.  *See, e.g., United States v. Kolesar*, 313 F.2d 835, 839 (5th Cir. 1963).  "Pursuant to 28 U.S.C. § 1920(2)and (4), the cost of taking and transcribing depositions and transcripts, and the cost of purchasing copies of depositions may be taxed if the depositions were 'necessarily obtained for use in the case.' Thus, if the depositions are 'reasonably necessary to the prosecution of the action,' and not 'merely useful for discovery,' the costs are appropriately taxed."  *EEOC v. Northwest Airlines,*

*Inc.*, 2002 U.S. Dist. LEXIS 26272 at *2 (D. Tenn. 2002) (citing *Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir. 1983); *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (stating that subsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions); *Independent Iron Works, Inc. v. United States Steel Corp.*, 322 F.2d 656 (9th Cir. 1963), *cert. denied*, 375 U.S. 922 (1963)).  Copies of depositions are often a necessity because it may be impractical for attorneys to view deposition transcripts at the Court Clerk's office.  *Kolesar*, 313 F.2d at 839.  *See also SCA Servs., Inc. v. Lucky Stores*, 599 F.2d 180-81 (7th Cir. 1979).  In fact, depositions are not filed unless they are used in a court proceeding or are necessary for a court to rule on a motion.  Even then, depositions usually are not filed until they are actually used at trial.  In this matter, Plaintiff does not contend that the copies of the depositions were unnecessary to the preparation of the Defendant's case.  Therefore, the Court finds that the copies of these two depositions are properly taxable as costs.

**2.  Fees for exemplification and copies of papers necessarily obtained for use in the case**

Thalji objects to the charges from LSS, Inc. totaling $7,387.50.  Thalji objects to a $2,937.50 charge for "LSS Video and Photographs," which includes charges for TECO's accident reconstruction video.  As the accident reconstruction video was not admitted into evidence, the Court, in the exercise of its discretion under FRCP 52(d) and § 1920, sustains Thalji's objection.

Thalji objects to the remaining balance of the $2,937.50 charge from LSS, Inc., because it is for such items as "database creation, meetings with defense counsel, travel time, and multimedia coordination, including trial system setup and testing."  TECO has not attempted to

justify these costs or explain why they are necessary.  Assuming these costs are associated with

the precluded accident reconstruction video, they are not properly taxable, the Court sustains

Thalji's objection, and will remove $2,937.50 from the Bill of Costs.

Thalji also objects to the second charge from LSS, Inc., for $4,450.00, which TECO

labeled in its summary as "LSS Trial Presentation."  Thalji claims this charge is for video

services utilized during defense counsel's opening statement and closing argument, and is not

taxable because the expenses included in the charge were merely for illustrative purposes and

argumentative matters, utilized for the convenience of counsel.  This Court has not faced this

issue before, but a very similar claim was recently considered by another court in the Sixth

Circuit, in *Micrel, Inc. v. TRW, Inc*.  In *Micrel*, the prevailing defendant sought over $25,000 in

costs for its multimedia presentation of exhibits at trial "as an exemplification fee under §

1920(4)" and the plaintiff Micrel objected.  2005 U.S. Dist. LEXIS 34929 at *38.

Acknowledging that there was no Sixth Circuit case on point, the court reviewed decisions from

the United States Supreme Court, the Eleventh and Seventh Circuits, a decision from the Federal

Circuit based on a review of Sixth Circuit law, and a decision by the United States District Court

for the Northern District of Ohio.  *Id* at *38-44.

The *Micrel* court began with an examination of *Crawford Fitting Co. v. J.T. Gibbons,*

*Inc*., 482 U.S. 437(1987).  In *Crawford Fitting*, the Supreme Court "found that 28 U.S.C. § 1920

embodied Congress' choice as to the types of expenses that a federal court may tax as costs

against the losing party" because if FED. R. CIV. P. 54(d) "granted district courts the discretion

to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may

be taxed, 'serves no role whatsoever.'"  2005 U.S. Dist. LEXIS 34929 at *39 (quoting *Crawford*

*Fitting*, 482 U.S. at 440 (1987)).

*Kohus v. Cosco, Inc.*, was a patent infringement case tried in the Southern District of

Ohio and appealed to the Federal Circuit Court of Appeals. *Kohus v. Cosco, Inc.*, 282 F.3d 1355

(Fed. Cir. 2002). The *Micrel* court said of *Kohus*:

> In *Kohus*, the Federal Circuit reversed a district court award of $12,950 to the prevailing
> party for a video exhibit it presented at trial. The court noted that, in the absence of Sixth
> Circuit authority on point, it must determine how the Sixth Circuit would likely resolve
> the issue taking into consideration cases in other circuits. The appellant argued that the
> district court abused its discretion in awarding these costs absent any statutory
> authority...Appellees argued that exemplification should be broadly construed to include
> all kinds of demonstrative evidence...The court rejected appellees' contention that
> "exemplification" should be broadly construed because (1) no Sixth Circuit case
> supported such an expansive interpretation of the term, (2) Crawford Fitting supported a
> narrower interpretation of the term, and (3) Congress could have, but did not, use the
> broad term "demonstrative evidence" in § 1920(4).

*Micrel*, 2005 U.S. Dist. LEXIS 34929 at *41-42.

The *Micrel* court also examined the decision in *American Trim, L.L.C. v. Oracle Corp.*,

230 F. Supp. 2d 803 (N.D. Ohio 2002). The *American Trim* court "addressed the issue of

whether expenditures relating to preparing and presenting videorecorded testimony and

demonstrative exhibits were taxable under § 1920(4)." *Micrel*, 2005 U.S. Dist. LEXIS 34929 at

*42. The court in *American Trim* said:

> To be compensable a particular expense must fall into one of the categories of costs
> statutorily authorized for reimbursement. Section 1920, adopted before the development
> and deployment in our courtrooms of technological innovations intended to enhance
> jurors' comprehension of the evidence, simply does not speak to those innovations.
> Absent an amendment to § 1920, courts should not expand the statute's scope beyond its
> express authority.
>
> In general, each litigant bears its own expenses and fees. Section 1920 creates a limited
> exception to this principle. As such, it should not be expanded judicially. Expansion of
> the statute's scope is for Congress, not the courts, to accomplish.

*Am. Trim*, 230 F.Supp.at 807.

In light of the court's decision in *American Trim*, the *Micrel* court concluded:

8

There is no question that the parties' multimedia presentations were effective in simplifying and effectively communicating their case to the jury, and that such presentations are the wave of the future given the trend toward electronic courtrooms which take advantage of the latest advances in technology. However, the Court concludes that a judicial interpretation expanding the meaning of § 1920(4) to include multimedia presentations is contrary to the dictates of *Crawford Fitting*, *Kohus* and *American Trim*, and would tread upon the prerogative of Congress. Accordingly, Micrel's objection is well-taken.

Micrel, 2005 U.S. Dist. LEXIS 34929 at *44.

For these reasons, the Court must sustain Thalji's objections to the expenses included in the Bill of Costs related to any of the video services provided to TECO by LSS, Inc.  Therefore, $4,450.00 will be removed from the Bill of Costs.

**3.  Other Costs**

Thalji's final objection is to the $198.68 listed in the Bill of Costs as "Thalji's travel expenses to IME."  TECO retained a expert witness to perform an independent medical evaluation (IME).  Thalji's counsel advanced Thalji the funds to attend the IME, but TECO agreed to pay the cost of Thalji's travel, which is clear in the letter of October 16, 2006, from Thalji's counsel to TECO's counsel, which TECO included in Exhibt 2 to its Bill of Costs.

In a similar situation, in *Mastrapas v. New York Life Ins. Co.*, 93 F.R.D. 401 (D. Mich. 1982), the defendant agreed to be financially responsible for the "hospital charges incurred in the examination of plaintiff by defendant's expert witnesses."  93 F.R.D. at 407.  The defendant then included those charges in its bill of costs.  *Id.*  The court stated, "in light of the parties' own agreement and the good faith effort of the plaintiff in complying with the requests of the doctors chosen by defendant to examine him, the court denies defendant's request for taxation of hospital charges for the examination of plaintiff.  *Id.*

Here, TECO agreed to be financially responsible for the costs Thalji incurred traveling to

the location of the expert witness TECO chose to perform the independent medical evaluation and TECO cannot now request that those expenses be taxed as costs.  Therefore, the Court will remove $198.68 from the Bill of Costs.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection to the Bill of Costs is **OVERRULED in part** and **SUSTAINED in part.**   The Court will remove Seven Thousand Six Hundred Thirty-One and 43/100 Dollars ($7,631.43) from the Bill of Costs.  Costs are taxed in the amount of Four Thousand Two Hundred Ninety-Three and 02/100 Dollars ($4293.02).